IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND,<br><br>Plaintiffs,<br>v.<br><br>PREMIER BRICKWORK, INC., an Illinois Corporation,<br><br>Defendant. | FILED: SEPTEMBER 4, 2008<br>08CV5051<br>JUDGE NORGLE<br>MAGISTRATE JUDGE BROWN<br><br>PH |

**C O M P L A I N T**

Plaintiffs, MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, by and through their attorney, Robert B. Greenberg, of Asher, Gittler, Greenfield & D'Alba, Ltd., and complaining of Defendant, PREMIER BRICKWORK, INC., an Illinois Corporation, allege as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2). Section 502(e)(2) states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

-1-

3. The MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS & STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND, ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between District Council No. 1 of the International Union of Bricklayers and Allied Craftsmen ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Fund office is located at 2340 South River Road, Suite 303, Des Plaines, Illinois 60018-3224, and the Funds are administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 8007 w. 99TH Street, Palos Heights, Illinois 57525.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. Plaintiffs are advised and believe that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

9. As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

10. Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

11. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

12. Defendant is delinquent to the Funds for the period of October 1, 2003 through September 30, 2006, in the amount of $17,576.78.

13. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3),(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

14. That from October 1, 2006, through June 30, 2008, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiffs but are known to Defendant on whose behalf Defendant has failed to report and remit contributions.

15. Plaintiffs are entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period October 1, 2006, through June 30, 2008.

WHEREFORE, Plaintiffs pray:

(a) That judgment enter in favor of Plaintiffs and against Defendant in the amount of $17,576.78..

(b) That Defendant be compelled to account to Plaintiffs for contributions due as aforesaid and to pay to Plaintiffs the amount found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(c) That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(d) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(e) That Defendant be specifically ordered to furnish to Plaintiffs the required monthly contribution reports and payments due and to continue to perform all obligations on Defendant's part according the terms and conditions of its Collective Bargaining Agreement.

(f) For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#:  01047558